UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 13-00231 |
| VERSUS | JUDGE ROBERT G. JAMES |
| JASON HARPER | MAG. JUDGE KAREN L. HAYES |

**WRITTEN REASONS FOR RULING ON OBJECTIONS
TO PRE-SENTENCE REPORT**

A sentencing hearing in the above-referenced matter was conducted on April 7, 2014, before the undersigned. At that time, the Court considered and ruled on Defendant's objections to the Pre-Sentence Report. The Court now issues these written reasons for its rulings.

**Objection #1:** Defendant objected to the Probation Officer's determination that the transaction on August 13, 2013, a net weight of 126.43 grams of methamphetamine, involved a purity of "at least 80%," qualifying as "Ice" under the Guidelines. Relying on a report from the North Louisiana Criminalistics Laboratory that stated the methamphetamine was 80.5% pure, plus or minus 9%, Defendant argued that he should be given the benefit of the doubt, and the Court should use the lower figure of 71.5%, which would not qualify for the Ice enhancement.

Based on the report and having heard no further evidence, the Court agreed with Defendant that he should not be held accountable for the Ice enhancement under the Guidelines. Thus, Defendant's Objection #1 was GRANTED, and the Pre-Sentence Report was amended in this regard. Nevertheless, as the Probation Officer pointed out, Defendant was subject to a statutory minimum sentence, so the Court's ruling did not affect his term of imprisonment.

**Objection#2:** Defendant objected to the statements in paragraph 18 of the Pre-Sentence Report that the AR-15 rifle and Mossberg 12 gauge shotgun were kept "in furtherance and for the protection of his methamphetamine trafficking" and that they were "readily accessible to the bedroom." Defendant argued further that "it should also be indicated in the report that" Harper lived in a rural community "wherein firearm possession would not be unusual."

While taking note of Defendant's argument, the Court found that no change to the Pre-Sentence Report was warranted, and his Objection #2 was DENIED.

**Objection #3:** Defendant objected to paragraph 21 of the Pre-Sentence Report, contending that it was not "clear" that he possessed the firearms and ammunition "to serve protective roles." Also, under Louisiana law only certain felons are prohibited from possessing firearms and even those are only prohibited for a certain period of time, and it did not appear that Defendant met these qualifications.

As the Probation Officer correctly pointed out, Louisiana law has no application because Defendant was being sentenced on federal charges, including the possession of a firearm by a convicted felon. The Court found no revision to the Pre-Sentence Report was warranted, and Objection #3 was also DENIED.

MONROE, LOUISIANA, this 7th day of April, 2014.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE