UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3:13-CR-000231-01 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| JASON W. HARPER | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is Jason W. Harper's ("Harper") Motion for Compassionate Release [Doc. No. 46] filed on August 31, 2020. To the Motion, the Government filed a Response [Doc. No. 54] and Exhibit [Doc. No. 55]. For the reasons set forth herein, Harper's Motion for Compassionate Release is DENIED and dismissed without prejudice for failure to exhaust administrative remedies.

**I.    Background**

Harper was charged in an eleven-count indictment for various drug distribution and firearms possession offenses [Doc. No. 1]. On November 19, 2013, Harper plead guilty to counts 1 and 9 (conspiracy to possess with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking offense).

On April 7, 2014 Harper was sentenced to the Bureau of Prisons ("BOP") to 120 months on count 1 and 60 months on count 9, to run consecutively [Doc. Nos. 27 and 30]. The sentence of 180 months imprisonment was due to the mandatory minimums required by his offenses of conviction.

The record reflects that Harper has made, in recent weeks, four different administrative remedy requests. (See Government's exhibit [Doc. No. 55]). The first was a home confinement

request to Forrest City Low ("FCI"), this request was denied on July 21, 2020. The second was an administrative remedy request for home confinement at the regional level and was denied on August 25, 2020. The third was filed on August 24, 2020 and asked for a compassionate release, but Harpers' request was rejected on September 1, 2020, for failure to pursue informal resolution first, and failure to file with the institution first. Lastly, Harper filed seeking home confinement on August 24, 2020, but that filing was rejected on September 1, 2020.

This pending Motion for Compassionate Release [Doc. No. 46] was filed on August 31, 2020. It is noted that Harper does not claim he has any underlying medical conditions placing him at increased risk to become infected by the COVID-19 virus. The Government maintains that Harper's motion must be dismissed because he has not sought relief from the Warden or the Office of General Counsel through the BOP by seeking relief on COVID-19 grounds. This Court agrees.

## II.     Exhaustion of Administrative Remedies

"[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). 18 U.S.C. § 3582(c) provides that a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), (as applies here); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2). The defendant bears the burden of showing he is entitled to compassionate release. *United States v. Stowe,* 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

2

A court may reduce a term of imprisonment upon finding "extraordinary and compelling circumstances," consistent with guideline policy statements. Under the statute as amended by the First Step Act, the Court may act "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* The defendant bears the burden of demonstrating he complied with § 3582(c)(1)(A)'s statutory requirements. *United States v. Van Sickle*, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020).

In *United States v. Franco*, ___ F.3d ___, 2020 WL 5249369 (5th Cir. Sept. 3, 2020), the Fifth Circuit addressed the nature of § 3582(c)(1)(A)'s exhaustion requirement, an issue of first impression in the circuit. Franco had filed a motion for compassionate release in the district court, citing concerns related to the COVID-19 pandemic. In her motion, she conceded she had failed to comply with the statute's exhaustion requirement, requesting she be "excused due to exigent circumstances." The district court denied the motion without prejudice, noting that Franco could refile once she had satisfied the statutory command. *Franco*, 2020 WL 5249369, at *1.

On appeal of that ruling, the Fifth Circuit affirmed. It rejected any suggestion the requirement was jurisdictional, noting the absence of a reference to jurisdiction in the statutory text. *Id*. at *2. Instead, aligning itself with the rulings of three other circuits, it held the requirement was a "paradigmatic mandatory claim-processing rule" that must be enforced if the United States properly raises it in the district court. *Id*. Accordingly, those, like Harper, "who seek a motion for compassionate relief under the First Step Act must first file a request with the BOP." *Id*. at *3.

3

BOP conducts an extensive assessment for such requests, and it in the best position to do so. *See* 28 C.F.R. § 571.62(a); BOP Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g). As those procedures reflect, BOP completes a diligent and thorough review, applying its considerable expertise concerning both the inmate and the conditions of confinement. BOP is uniquely situated and qualified to assess risk factors during the statutorily required 30-day review period.

Accordingly, consistent with the First Step Act, the defendant must first present his request to the BOP, permitting it to evaluate his current circumstances in light of the coronavirus concerns. He cannot petition for judicial relief until, as the statute provides, the BOP denies the request or 30 days have passed after presentation of the request to the Warden, whichever is earlier. *Franco*, 2020 WL 5249369, at *3. Because he has not yet exhausted administrative remedies, and because the United States has properly invoked the statutory exhaustion requirement, this Court must dismiss his motion.

The requirement that Harper first present his request for compassionate release is mandatory. As Harper has failed to do so, this Motion for Compassionate Release [Doc. No. 46] must be DISMISSED WITHOUT PREJUDICE.

For the reasons set forth herein, the Motion for Compassionate Release filed by Jason W. Harper [Doc. No. 46] is DENIED and DISMISSED WITHOUT PREJUDICE.

MONROE, LOUISIANA this 23rd day of September, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

4