UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:13-CR-000231-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JASON W. HARPER** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM ORDER

Pending before the Court is Jason W. Harper's ("Harper") Second Motion for Compassionate Release/Second Motion for Reduction of Sentence ("Motion") [Doc. No. 62] filed on May 5, 2021. To the Motion, the Government filed a Response [Doc. No. 66] on June 4, 2021. For the reasons set forth herein, Harper's Motion is DENIED.

**I.     BACKGROUND**

Harper was charged in an eleven-count indictment for various drug distribution and firearm possession offenses [Doc. No. 1]. On November 19, 2013, Harper plead guilty to Counts 1 and 9 (Conspiracy to Possess with Intent to Distribute Methamphetamine and Possession of a Firearm in Furtherance of a Drug Trafficking Offense). On April 7, 2014, Harper was sentenced to the Bureau of Prisons ("BOP") to 120 months on Count 1, and 60 months on Count 9, to run consecutively [Doc. Nos. 27 and 30]. The 180-month sentence was due to the mandatory minimums required by his offenses of conviction.

Harper previously filed a Motion for Compassionate Release/Motion to Reduce Sentence [Doc. No. 46], which was dismissed without prejudice [Doc. No. 57] on September 23, 2020. A Motion for Reconsideration [Doc. No. 59] was denied [Doc. No. 60] on October 6, 2020.

In his present Motion, Harper asks that his previous Motion [Doc. No. 46] be added to the present Motion [Doc. No. 62].[1]  In his previous Motion [Doc. No.46], Harper, based upon COVID-19, asked for compassionate release, a reduction in sentence, and/or home confinement. He did not set forth any underlying condition that made him more susceptible to COVID-19.[2]  Basically, He set forth a generalized fear of contracting COVID-19.

In the present Motion [Doc. No. 62], Harper indicated he wanted to introduce "new evidence" that was unavailable at the time he filed the previous motions.  The "new evidence" was an NBC article which stated that despite Atty. General William Barr urging the BOP to release vulnerable prisoners, data compiled by the Marshall Project showed federal prison wardens denied or ignored more than 98% of compassionate release requests.

In addition to Harper's request based upon a generalized fear of contracting COVID-19, he also indicated that his mother, Patricia Harper, was in a vehicle collision on October 13, 2020, and she sustained numerous injuries.  Harper stated his mother is now at a long-term care facility without any family to help her.  He asks to be allowed to go home and assist her.

Although he admitted to using methamphetamines on August 10, 2020, Harper blamed this incident on loose restrictions due to COVID-19.  He also indicated all seven (7) drug tests since that time were negative.

The Government opposes Harper's motions arguing that he has not shown "extraordinary and compelling reasons" for compassionate release.  Additionally, the Government maintains that the motions should be denied based upon Harper's criminal history and 18 U.S.C. 3353(a) factors.

---

[1] The Court will consider the arguments Harper made in his previous motion, as part of his present motion.
[2] Or whether he had received a COVID-19 vaccine.

## II.   LAW AND ANALYSIS

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances."  *Dillon v. United States*, 560 U.S. 817, 825 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances:  (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range.  18 U.S.C. § 3582(c)(2).

In this case, Harper moves to modify his sentence under 18 U.S.C. § 3852(c)(1)(A). Under § 3852(c)(1)(A)(i), a court may reduce a prisoner's sentence "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Prior to 2018, only the Director of the BOP could file these kinds of compassionate release motions.  In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process.  The First Step Act, § 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release.  Before filing such motions, however, prisoners must exhaust their administrative remedies.

After a prisoner exhausts his administrative remedies, a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3852(c)(1)(A)(i).

### III.         EXTRAORDINARY AND COMPELLING REASONS

The Sentencing Commission's policy statement regarding compassionate release is consistent with the statute and provides, in pertinent part, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
>   (1)    extraordinary and compelling reasons warrant the reduction; . . .
>   (2)    the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>   (3)    the reduction is consistent with this policy statement.

In the commentary following the policy statement, the Sentencing Commission identifies three specific reasons that are considered "extraordinary and compelling" as well as a broader provision for reasons deemed "extraordinary and compelling."

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A)  Medical Condition of the Defendant.—
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end stage organ disease, and advanced dementia.

4

 (ii) The defendant is—

  (I)  suffering from a serious physical or medical condition,

  (II)  suffering from a serious functional or cognitive impairment, or

 (B)  experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

 (C)  Age of the Defendant.—The defendant

  (i) is at least 65 years old;

  (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

 (D)  Family Circumstances.

  (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

 (E)  Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13 cmt. n.1.

In *United States v. Shkambi,* 993 F.3d 388, (5th Cir. 2021), the Fifth Circuit addressed, as a question of first impression, whether § 1B1.13 and its commentary bind the district court when ruling on motions filed by defendants on their own behalf after Congress amended §

5

3582(c)(1)(A) to permit such filings. The Court held "that neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582," and "[t]he district court… is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *Shkambi*, 2021 WL 1291609, at *4.

*Shkambi* does not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under § 3582(c)(1)(A). As the Fifth Circuit recognized even before *Shkambi*, "[a]lthough not dispositive, the commentary to … § 1B1.13 informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson,* 984 F.3d 431,433 (5th Cir. 2021). And other circuits are in accord. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). ("The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused. In this way the Commission's analysis can guide discretion without being conclusive."); *United States v. Aruda*, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021) (citing *Gunn* and recognizing "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding").

The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 251309, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing *United States v. Stowe,* No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019))); *United States v. Wright,* Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr.

24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

The "extraordinary and compelling reasons" alleged by Harper are:

### A. Mother's Injuries

The reasons set forth by Harper are that his mother is incapacitated due to an automobile accident and has no one else to care for her, other than him.

### B. Other Reasons

The other reasons given by Harper are his concern about contracting COVID-19, and that he has been rehabilitated by obtaining a B.A. in Biblical studies.

A generalized fear of contracting COVID-19 is not an "extraordinary and compelling reason" warranting relief. *U.S. v. Thompson*, 984 F.3d 431, 433-34 (5th Cir. 2021). Harper's general fear of COVID-19, especially without any underlying conditions, is not sufficient. The court cannot release every prisoner that has a fear of contracting COVID-19, or there would not be any prisoners in the BOP.

Although the incapacitation of Harper's mother is a serious issue, this Court does not believe it warrants granting compassionate release to Harper, especially in light of 18 U.S.C. 3553(a) factors. Harper received a 180-month mandatory minimum sentence. He has served approximately two-thirds (2/3) of the sentence and is scheduled for release on July 5, 2026. Additionally, his positive test for methamphetamine is concerning, especially since methamphetamine is the drug Harper was convicted of selling. The rehabilitation Harper has undergone by getting his B.A. in Biblical Studies is admirable, but not an "extraordinary and compelling" reason.

The Court finds the reasons set forth by Harper are not "extraordinary and compelling reasons" for him to be granted compassionate release.

### IV. DANGER TO COMMUNITY AND 18 U.S.C. 3553(a) FACTORS

Harper does not provide any type of release plan. The Court must consider whether a prisoner remains a danger to the community before granting compassionate release as required by U.S.S.G. § 1B1.12(2) with reference to 18 U.S.C. § 3142(g). Furthermore, 18 U.S.C. § 3582 requires the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a).

Section 3142(g) sets out the factors courts must consider in deciding whether to release a defendant pending trial. The factors weighing a petitioner's danger to the community include "the nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, ... community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." Similarly, § 3553(a), which sets forth the factors to consider in initially imposing a sentence, requires the Court to consider:

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]

    (2) the need for the sentence imposed—

        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B) to afford adequate deterrence to criminal conduct;

        (C) to protect the public from further crimes of the defendant; and

The court must consider all pertinent circumstances, including the §3553(a) factors and possible danger to the community. 18 U.S.C. § 3582(c)(1)(A).

Harper has not demonstrated he will not pose a danger to the community if he was released or that his release comports with the applicable § 3553(a) factors. Harper's underlying conviction and criminal history both indicate he will pose a danger to the community and that he performs poorly under supervision.

As pointed out by the Government, although Harper's final criminal history points resulted in a categorization of I, Harper had numerous previous arrests and convictions. In 1989, he was convicted of Conspiracy to Commit Felony Theft. Harper was sentenced to five (5) years which was suspended and he was placed on probation. This probation was revoked, and the original sentence imposed.[3] The same year, Harper was convicted of simple burglary. He received seven (7) years at hard labor, which was also suspended and he was placed on probation. Again, his probation sentence was revoked and the criminal sentence imposed.

In 1992, Harper was convicted of Possession of Schedule III Controlled Dangerous Substance. Additionally, he has numerous misdemeanor convictions including three DWI's, two batteries, two counts of resisting an officer, hit and run, theft, failure to appear, and disturbing the peace. In Harper's eleven-count indictment, the nine charges Harper did not plead guilty to were four separate counts of distribution of methamphetamines, (Counts 2, 3, 6, and 7), one other separate incident of possession of a firearm in furtherance of a drug trafficking offense (Count 4), and three separate counts of possession of a firearm by a convicted felon (Counts 5, 10, and 11). Additionally, Harper had a total of $147,800.00 in cash seized from his residence

---

[3] PSI Report, Para. 43

and his person, and over 170 grams of methamphetamine. It is also important to note that Harper admitted he had used methamphetamines in prison on August 10, 2020. Harper has shown a pattern of refusing to comply with supervision and rules. If he used methamphetamine in prison, what is he going to do when he has his freedom? Based upon Harper's history, it is likely he would commit another crime and pose a danger to the community, if released.

Harper has only served two-thirds (2/3) of a mandatory minimum 180-month sentence. His projected release date is July 5, 2026. The Court does not believe he has served enough of his sentence to reflect the seriousness of the offenses, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes by the defendant.

### V. CONCLUSION

For the above and foregoing reasons,

**IT IS ORDERED** that Harper's Second Motion for Compassionate Release/Second Motion for Reduction of Sentence [Doc. No. 62] (which also incorporates the provisions of [Doc. No. 46]) is **DENIED**.

MONROE, LOUISIANA, this 16th day of June, 2021.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE