**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  3:13-CR-00231-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JASON W HARPER (01)** | **MAGISTRATE JUDGE HAYES** |

### RULING

Pending before the Court is Defendant Jason W. Harper's ("Harper") *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) [Doc. No. 89]. Harper's motion is based on the following claims: his family circumstances are compelling and extraordinary; a change in the law warrants his release; he has been rehabilitated; and that the 3553(a) factors weigh in favor of his release.

For the following reasons, the Court **DENIES** this Motion.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

In July of 2013, the Drug Enforcement Administration ("DEA") and local law enforcement agencies began an investigation into methamphetamine trafficking in Monroe and Ruston, Louisiana.[1] During this investigation, Harper was identified as the drug trafficker in question.[2] In fact, four controlled purchases of methamphetamine were conducted through a confidential informant at Harper's residence.[3]

---

[1] [Doc. No. 31, ¶ 13]
[2] [Id.]
[3] [Id. at ¶ 14]

On August 13, 2013, a search warrant was executed at Harper's residence.[4] During this search, officers found and seized the following: a quantity of methamphetamine, cash, Harper's vehicle, firearms, and ammunition.[5] Specifically, 46 grams of methamphetamine–that was packaged for sale–was seized from Harper's person.[6] The cash included $45,020 from Harper's residence and $2,780 from his person.[7] Lastly, two rifles, a shotgun, and a pistol along with various ammunition were seized from his residence.[8]

Additionally, $100,000 in cash along with other firearms and ammunition belonging to Harper were found and seized from his uncle, John W. Gibson's residence.[9] The firearms included one shotgun, six pistols, six rifles, and seven revolvers.[10]

On August 28, 2013, Harper was charged in an eleven-count indictment for various drug distribution and possession of firearm offenses.[11]

On November 19, 2013, Harper pled guilty to conspiracy to possess with the intent to distribute 5 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c).[12]

On December 20, 2013, a Presentence Investigation Report was conducted and found that Harper was responsible for trafficking in and possessing 49.09 grams of methamphetamine and

---

[4] [Id. at ¶ 15]
[5] [Id. at ¶ 15, 16, 17, 18]
[6] [Id. at ¶ 15]
[7] [Id. at ¶ 16]
[8] [Id. at ¶ 17]
[9] [Id. at ¶ 16, 19]
[10] [Id. at ¶ 19]
[11] [Doc. No. 1]
[12] [Doc. No. 22]

125.43 grams of methamphetamine "ice."[13] However, one gram of methamphetamine "ice" is equal to 10 grams of methamphetamine.[14] Accordingly, the 126.43 grams of "ice" that Harper was responsible for is equivalent to 1,264.3 grams of methamphetamine.[15] Because this was a quantity of at least 500 grams but less than 1.5 kilograms (1,500 grams) of methamphetamine as set out in U.S.S.G. §2D1.1(c)(4), Harper was given a base level offense of 32 for Count 1.[16] Nevertheless, Harper's total offense level was 29 due to his acceptance of responsibility and plea agreement pursuant to U.S.S.G. §3E1.1(a) and (b).[17]

The Presentence Investigation Report also set out the guidelines for sentencing.[18] Given Harper's offense level of 29 together with his criminal history category of I, the guideline imprisonment range is 87-108 months for Count 1.[19] However, the report notes that under U.S.S.G. §5G1.1(b), the minimum term allowable for methamphetamine conspiracy is ten years (120 months).[20] Additionally, the guideline imprisonment range for Count 9 is at least five years (60 months) according to U.S.S.G. §2K2.4(b).[21]

On April 7, 2014, Harper was sentenced to 120 months for Count 1 and 60 months for Count 9, to run consecutively.[22] Further, Harper was allowed supervised release for eight years on Count 1 and five years on Count 9, to run concurrently.[23]

---

[13] [Doc. No. 31, ¶ 21]
[14] [Id. at ¶ 28]
[15] [Id.]
[16] [Id.]
[17] [Id. at ¶ 35-37]
[18] [Id. at ¶ 80, 81]
[19] [Id. at ¶ 80]
[20] [Id.]
[21] [Id. at ¶ 81]
[22] [Doc. No. 27, p. 1]
[23] [Id.]

On February 17, 2015, Harper filed a motion for reduction of sentence pursuant to 18 U.S.C. §3582(c)(2).[24] On January 10, 2017, the Court denied this motion.[25]

On August 31, 2020, Harper filed his first motion for compassionate release pursuant to § 3582(c)(1)(A).[26] On September 23, 2020, the Court dismissed this motion without prejudice.[27] On October 5, 2020, Harper moved for reconsideration of the Court's denial of compassionate release.[28] On October 6, 2020, the Court denied such motion.[29]

On May 5, 2021, Harper filed his second motion for compassionate release pursuant to § 3582(c)(1)(A).[30] On June 16, 2021, the Court denied the motion.[31] On December 3, 2021, Harper appealed the Court's denial.[32] On December 13, 2022, the United States Court of Appeals for the Fifth Circuit affirmed the Court's denial of compassionate release.[33]

On December 18, 2023, Harper filed the instant motion, which is his third motion for compassionate release.[34]

The issues are briefed, and the Court is prepared to rule.

## II.   LEGAL STANDARD

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been

---

[24] [Doc. No. 32]
[25] [Doc. No. 44]
[26] [Doc. No. 46]
[27] [Doc. No. 57]
[28] [Doc. No. 59]
[29] [Doc. No. 60]
[30] [Doc. No. 62]
[31] [Doc. No. 67]
[32] [Doc. No. 76]
[33] [Doc. No. 88]
[34] [Doc. No. 89]

imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Pertinent to the instant case:

> [U]pon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable.

18 U.S.C. § 3582(c)(1)(A). After a prisoner exhausts his administrative remedies, however, the court must find that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The enumerated circumstances that constitute "extraordinary and compelling reasons" for a reduction in sentence include (1) certain medical circumstances; (2) the age of the defendant; (3) family circumstances of the defendant; (4) whether the defendant was a victim of abuse; (5) other reasons (that are similar in gravity to those described in (1) through (4)); and (6) an unusually long sentence. U.S.S.G. § 1B1.13(b).

The defendant bears the burden to establish that circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. 3582(c)(1)(A)(i). *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release.") (citing *United States*

*v. Stowe*, No. CR-H-11-803 (1), 2019 WL 4673725, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

The defendant's rehabilitation, by itself, is not an extraordinary or compelling reason for a sentence reduction. U.S.S.G. § 1B1.13(d). Nevertheless, in determining whether and to what extent a sentence reduction is warranted, the defendant's rehabilitation may be considered in combination with other circumstances. *Id.*

### III.  ANALYSIS

Because Harper did not exhaust his administrative remedies regarding the instant motion for compassionate relief, the Court likely cannot consider whether he has "extraordinary and compelling reasons" warranting compassionate release. However, the Court will still consider and determine whether Harper fully exhausted his administrative remedies and whether he has presented extraordinary and compelling reasons warranting his release.

#### A.  Harper did not exhaust his administrative remedies.

As stated above, a party seeking a modification of his imprisonment term under 18 U.S.C. § 3582(c)(1)(A) must first "fully exhaust all administrative rights." The defendant bears the burden of proving that he has exhausted all available administrative remedies prior to filing his motion for compassionate release. *See United States v. Van Sickle*, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020). The Government argues that because Harper neither alleged that he has exhausted administrative remedies nor attached any proof of such, he has failed to satisfy his burden of proof.[35] Although Harper admits that he failed to allege such, he states that he did exhaust his

---

[35] [Doc. No. 99, p. 9]

administrative remedies by sending an email to the Warden of FCI Forrest City, who instructed him to petition the court directly.[36]

As stated in 18 U.S.C. § 3582(c)(1)(A), a defendant can exhaust his administrative remedies by waiting 30 days after the receipt of a request to the warden. Here, it is true that Harper sent an email to the Warden of FCI Forrest City.[37] However, Harper filed the motion for compassionate release on December 18, 2023[38] and did not receive a response from the warden until February 22, 2024; therefore, he did not allow for the lapse of 30 days.[39] In fact, Harper should have waited until March 23, 2024, to file the instant motion for compassionate release. Therefore, the Court finds that Harper did not fully exhaust his administrative remedies.

### B. Even if Harper had exhausted his administrative remedies, he has failed to provide "extraordinary and compelling reasons" supporting his release.

As stated above, the following circumstances constitute "extraordinary and compelling reasons" for a possible reduction in sentence: (1) certain medical circumstances; (2) the age of the defendant; (3) family circumstances of the defendant; (4) whether the defendant was a victim of abuse; (5) other reasons (that are similar in gravity to those described in (1) through (4)); and (6) an unusually long sentence. U.S.S.G. § 1B1.13(b).

Additionally, courts may consider a change in the law as an extraordinary and compelling reason to reduce a defendant's sentence. *Id.* at 1B1.13(b)(6). However, in order for the law change to be extraordinary and compelling, it must "produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." *Id.*

---

[36] [Doc. No. 102-1, p. 1]
[37] [Id.]
[38] [Doc. No. 89]
[39] [Doc. No. 102-1, p. 1]

7

### 1.   Harper's family circumstances are not extraordinary or compelling.

One of the family circumstances warranting a reduction in a defendant's sentence is "the incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(C). Here, Harper argues that the current condition of his mother, Patricia Harper ("Patricia"), satisfies this criteria.[40] In 2020, Patricia sustained injuries from a motorcycle accident and as a result, is incapacitated and restricted to a nursing home.[41] Furthermore, Patricia asserts that since Harper is her only child, he is the only family member available to care for her.[42] Therefore, Harper and Patricia both request that this Court grant the motion for compassionate release.[43]

The Government argues that Harper's release plan is lacking.[44] To begin, the Government points out that Harper's motion lacks any official documentation supporting his release plan.[45] Specifically, Harper's plan indicates that he will care for Patricia and live off of her retirement.[46] However, Harper provides no official documentation regarding Patricia's current condition or future healthcare needs or financial documentation regarding Patricia's assets and how he will live off of them.[47] Additionally, the Government asserts that although Harper claims that he will be Patricia's primary caregiver, he fails to explain his qualifications for providing such care.[48] Lastly, the Government calls into question how Harper will be able to care for Patricia when he is working for friends.[49]

---

[40] [Doc. No. 89, p. 4]
[41] [Doc. No. 89-1, p. 46]
[42] [Id.]
[43] [Doc. No 89, p. 4; Doc. No. 89-1, p. 46]
[44] [Doc. No. 99, p. 34]
[45] [Id.]
[46] [Id.]
[47] [Id.]
[48] [Id.]
[49] [Id.]

The Court finds that Harper's release plan is lacking and provides no support for granting the motion for compassionate release.

### 2.  The law change does not produce gross disparity sufficient to create an extraordinary or compelling reason to reduce sentence.

Harper argues that because current law reflects a mandatory minimum sentence of five years rather than ten years for conspiracy, he has been given an unusually long sentence.[50] In response, however, the Government correctly points[51] out that "in federal sentencing, the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." *Dorsey v. United States*, 567 U.S. 260, 280 (2012). The Government also alleges that even if the court were to consider Harper's change in sentence argument, it would not be extraordinary and compelling given its lack of gross disparity.[52] Moreover, the Government argues that the twelve-month difference between the applicable guideline range for Harper (108-120 months) does not amount to gross disparity sufficient for compassionate release.[53]

Although the precise factors of "gross disparity" are unclear, the standard is reached "only in the 'exceedingly rare' and 'extreme' case." *Cf. Lockyer v. Andrade*, 538 U.S. 63, 72 (2003). Because Harper has not presented any evidence showing an exceedingly rare or extreme sentencing, it is not grossly disparate.

The Court finds that even in light of any change in the law, Harper has not proven gross disparity sufficient to show an extraordinary or compelling reason for reduction.

---

[50] [Doc. No. 89, p. 2]
[51] [Doc. No. 99, p.12]
[52] [Id. at pp. 30-31]
[53] [Id. at p. 31]

### C.  Considering no other circumstances warrant a sentence reduction for Harper, his alleged rehabilitation is insufficient.

In addition to his argument for extraordinary and compelling circumstances, Harper contends that he has been rehabilitated for purposes of compassionate release.[54] Harper believes that he has been rehabilitated through his degree in Biblical Studies and completion of vocational training courses.[55] However, pursuant to U.S.S.G. § 1B1.13(d):

> Rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

Because it has already been determined that Harper failed to prove extraordinary and compelling circumstances, his rehabilitation alone is insufficient to reduce his sentence. Thus, the Court finds that Harper has not been rehabilitated for purposes of compassionate release.

### D.  Because nothing has changed since the last time this Court considered the 3553(a) factors in light of Harper's circumstances, relief is still precluded.

Harper claims that the 3553(a) factors support his release.[56] The Government, however, argues that this Court has already conducted a full analysis on these factors with regard to Harper's request.[57] The Government is correct in that this Court considered and denied Harper's request based on the 3553(a) factors.[58] Consequently, the Court finds that since it has already considered and made a ruling regarding Harper's circumstances and the 3553(a) factors, it will not do so again.

---

[54] [Doc. No. 89, pp. 7-8]

[55] [Id. at p. 8]

[56] [Id. at pp. 6-8]

[57] [Doc. No. 99, p. 35]

[58] [Doc. No. 67]

**IV.  CONCLUSION**

For the reasons stated above,

**IT IS ORDERED, ADJUDGED, AND DECREED** that defendant Jason W. Harper's

Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) is **DENIED** and

**DISMISSED WITH PREJUDICE.**

MONROE, LOUISIANA, this 9th day of April 2024.

Terry A. Doughty
United States District Judge